# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARK ANTONIO JOHNSON, SR., | : | CIVIL ACTION NO. |
| GDC ID # 1296309, Case # 798043, | : | 1:15-CV-03889-WSD-JSA |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| CLAY TATUM, | : | HABEAS CORPUS |
|     Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, seeks via a 28 U.S.C. § 2254 habeas corpus petition to challenge the revocation of his state probation in the Superior Court of Dekalb County on or about October 31, 2014.  (Doc. 1; *see* Doc. 15-1 at 1-2). Respondent moves to dismiss the petition for lack of exhaustion.  (Doc. 15-1). Petitioner has not responded to the motion to dismiss, which the undersigned **RECOMMENDS** to be **GRANTED**.

Petitioner states in his petition that he appealed the revocation of his probation to this Court and was denied relief on October 6, 2015. (Doc. 1 at 2).  He also asserts that he filed a discretionary appeal to the Eleventh Circuit, but filed no other petition, application or motion with respect to his probation revocation. (*Id.* at 2, 4).  He claims that another petition or appeal is now pending, but does not specify its nature. (*Id.* at

7).  Petitioner signed and submitted his federal habeas petition on October 21, 2015.

(*Id.* at 8).[1]

In the motion to dismiss, Respondent states the following:

Petitioner did not file a timely application for a discretionary appeal of his probation revocation in the Georgia Court of Appeals within thirty days of the judgment pursuant to O.C.G.A. § 5-6-35, and his time to do so expired on Monday, December 1, 2014.

To the best Respondent can determine, Petitioner has not pursued state habeas corpus relief to challenge his probation revocations.

(Doc. 15-1 at 2).  Petitioner does not oppose the assertion that he failed to pursue any state remedy at all with respect to his probation revocation.

But a district court may not grant a federal habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B).  And a petitioner "shall not be deemed to have

---

[1]Petitioner filed a complaint in this Court in January 2015, which was construed as a habeas petition challenging his probation revocation and dismissed for lack of exhaustion. *See Johnson v. State of Ga.*, No. 1:15-cv-185-WSD (N.D. Ga. May 18, 2015), Docs. 2, 7. On March 4, 2016, the Eleventh Circuit denied Petitioner's application for a certificate of appealability and dismissed his appeal. *Id.*, Doc. 21-1. That appeal, now dismissed, may be the petition or appeal that Petitioner claimed was still pending when he filed his petition in October 2015.  (*See* Doc. 1 at 7).

AO 72A
(Rev.8/82)

exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same).

A Georgia prisoner sentenced to a term of imprisonment may file a habeas petition in state court seeking release from his confinement. *See* O.C.G.A. § 9-14-1(c) ("Any person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint."). As noted above, there is no indication that Petitioner has filed any motion, petition or application in state court to challenge his probation revocation. His federal habeas petition is therefore unexhausted and due to be dismissed without prejudice on that basis.

And Petitioner is not entitled to a certificate of appealability ("COA"). When challenging state detention, a federal habeas petitioner must obtain a COA before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue

3

only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because all jurists of reason would agree, and not find it debatable, that Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

## Conclusion

**IT IS THEREFORE RECOMMENDED** that Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED without prejudice** and that he be **DENIED** a certificate of appealability. Petitioner's motion to substitute a new respondent to his

AO 72A
(Rev.8/82)

petition (Doc. 13) is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 21st day of April, 2016.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

5