IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| MARK ANTONIO JOHNSON, SR., <br><br> Petitioner, <br><br> v. <br><br> CLAY TATUM, <br><br> Respondent. | 1:15-cv-3889-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [17] ("R&R"), recommending that Respondent Clay Tatum's ("Respondent") Motion to Dismiss Petition for Lack of Exhaustion [15] ("Motion to Dismiss") be granted, that Petitioner Mark Antonio Johnson, Sr.'s ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Petition") be dismissed, and that a certificate of appealability be denied.

In June 2010, Petitioner pled guilty, in the Superior Court of DeKalb County, to identity fraud, forgery in the first degree, conspiracy to defraud the state, impersonation of an officer, and deposit account fraud. ([15.1] at 1). The state court sentenced Petitioner to ten (10) years, with the first four (4) years to be served in prison and the remainder to be served on probation. ([15.1] at 1). On

October 31, 2014, the state court revoked Petitioner's probation for three (3) years, based on his commission of multiple new offenses. ([15.1] at 1-2). Petitioner did not file, in the Georgia Court of Appeals, an application for a discretionary appeal of his probation revocation. ([15.1] at 2). It appears that Petitioner also has not pursued state habeas corpus relief. ([15.1] at 2).

On October 21, 2015, Petitioner, proceeding *pro se*, filed his Petition, challenging the October 31, 2014, revocation of his state probation. On March 4, 2016, Respondent filed his Motion to Dismiss, arguing that Petitioner's Petition should be dismissed for lack of exhaustion of his state remedies. Petitioner did not file a response, and Respondent's motion is thus deemed unopposed. LR 7.1(B), NDGa. On April 21, 2016, the Magistrate Judge issued his R&R, recommending that Respondent's Motion to Dismiss be granted because Petitioner failed to exhaust his state remedies. Petitioner did not file objections to the R&R, and the Court thus reviews it for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1)(A)-(B). "For a federal claim to be exhausted, the petitioner must have 'fairly presented [it] to the state courts.'" Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A detainee in Georgia also may seek a writ of habeas corpus to challenge the legality of his confinement. See O.C.G.A. § 9-14-1.

The Magistrate Judge found that, although Petitioner has filed federal challenges to his probation revocation,[1] he has not challenged his revocation in state court. The Magistrate Judge recommends granting Respondent's Motion to Dismiss for lack of exhaustion, and denying a certificate of appealability because it is not debatable that Petitioner's Petition should be dismissed. The Court finds no plain error in the Magistrate Judge's determinations and recommendations.[2]

---

[1] Petitioner alleges that he has challenged his probation revocation in federal district court and in the Court of Appeals for the Eleventh Circuit. ([1] at 2).

[2] The Court notes that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001); see also Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006) ("Because this 'claim' was not fairly presented to the state courts, it is procedurally defaulted."); Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999) ("The failure to

## I.     CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Clay Tatum's Motion to Dismiss Petition for Lack of Exhaustion [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Mark Antonio Johnson, Sr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 11th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

raise these claims to the state courts is a procedural default that bars federal habeas review of the claims."); Sims v. Singletary, 155 F.3d 1297, 1314 (11th Cir. 1998) ("The failure to raise this claim to the state courts is a procedural default that bars federal habeas review of the claim.").